# EXHIBIT A



# Department of Law
## City of Chicago

January 23, 2026

Al Hofeld, Jr.
Zachary Hofeld
The Law Offices of Al Hofeld, Jr., LLC
53 West Jackson Boulevard, Suite #204
Chicago, IL 60604
al@alhofeldlaw.com
zach@alhofeldlaw.com

Andrew M. Stroth
Action Injury Law Group, LLC
1 S. Dearborn Street, Suite 1400,
Chicago, IL, 60603
astroth@actioninjurylaw.com

Julian Johnson
The Law Office of Julian Johnson, LLC
125 S. Wacker Drive, Suite 300
Chicago, IL 60606
julian@julianjohnsonlaw.com

Chaka Patterson
ChakaPatterson Law, PLLC
220 N. Green St., Suite 225
Chicago, IL 60607
chaka@chakapattersonlaw.com

Re: *Tate, et al. v. City of Chicago, et al.*, 18 C 7439

Dear Counsel,

I write because it has come to my attention that certain of Plaintiffs' counsel or someone acting on their behalf has communicated with or attempted to communicate with officials and representatives of the City of Chicago about this case. Specifically, we have been made aware of the following communications:

- Mr. Stroth contacted former-City of Chicago Inspector General Joseph Ferguson via telephone;

- A process server hired by Plaintiffs' counsel attempted to serve Mr. Ferguson with a trial subpoena, including at his place of residence;
- A process server hired by Plaintiffs' counsel attempted to serve former-Mayor Rahm Emanuel with a trial subpoena;
- A process server hired by Plaintiffs' counsel attempted to serve former-Mayor Lori Lightfood with a trial subpoena.

These communications were without our consent and were without our knowledge. Of these three individuals, only Former-Mayor Emanuel was specifically listed on Plaintiffs' Pretrial Order Witness List, and all three of these individuals had thus far only been disclosed as witnesses relating to statements they made while in their roles as City Officials (See Plaintiffs' Fourth Amended 26(a) Disclosures). Because their purported involvement in this matter involved statements they made when they were City officials, any communication with these witnesses should have been made through Defendant City's counsel in this case. I remind all parties of Rule 4.2 of the Illinois Rules of Professional Conduct ("Il. RPC"), which states:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

(Il. RPC 4.2, Eff. Jan. 1, 2010). Committee Comment #7 of Il. RPC 4.2 specifically provides, "In the case of a represented organization, this Rule prohibits communications with a constituent of the organization who ... has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability." Moreover, as it pertains to Former-Mayor Lightfoot, I confirmed in writing in an email that I would facilitate her appearance for trial, if so ordered, and that no subpoena was necessary. Despite this written confirmation, your process server continued to attempt to personally serve her. Accordingly, on behalf of the City, I demand that you immediately cease and desist from making any further communications with City officials or representatives regarding this case. As counsel for the City, I assure you that, if the testimony of these officials is ordered, I will accept service of a subpoena on their behalf and facilitate their appearance for trial.

Sincerely,

*/s/ Marion C. Moore*
Marion C. Moore, Chief Assistant Coproation Counsel
City of Chicago Department of Law
Special Federal Litigation Division
Counsel for Defendant City

CC: Maxwell Lisy, Raoul Mowatt, Simerdeep Kaur, Larry Kowalczyk, Megan Monahan, Daniel Fahner