IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EBONY TATE, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 18 CV 7439 |
| v. | ) | Judge John J. Tharp |
| | ) | Jury Demanded |
| THE CITY OF CHICAGO, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' EMERGENCY MOTION TO COMPEL WITNESS RAHM EMANUEL TO TESTIFY AND FOR SANCTIONS**

NOW COMES Defendant City of Chicago ("the City"), by and through one of its attorneys, Maxwell Evan Lisy, Assistant Corporation Counsel Supervisor, for its response to Plaintiffs' Emergency Motion to Compel Witness Rahm Emanuel to Testify and for Sanctions, states as follows:

**INTRODUCTION**

Plaintiffs' motion mischaracterizes the facts, is premature, unnecessary, and fails to show that sanctions are warranted or appropriate. The messaging to Plaintiffs from the City and Rahm Emanuel's ("Emanuel") counsel were clear. Service was completed, as facilitated through the City, before Plaintiffs filed the motion at issue. Plaintiffs fail to show what prejudice, harm, or cost they incurred and fail to provide any specific sanctions request. Therefore, Plaintiffs' motion should be denied.

**BACKGROUND**

On January 15, 2026, this Court denied Defendants' motion *in Limine* 37, seeking to bar Emanuel from testifying, as a categorical motion, but required Plaintiffs to identify which statements were at issue and that the Court would then address the specific statements. *See*

1

January 15, 2026 Transcript of Proceedings Before the Honorable John J. Tharp, Jr., attached as Exhibit A at 46:19-49:17. The Court did not order Emanuel to appear at trial. Prior to providing the specific statements to Defendants, and without any input from the Court as to the admissibility of such statements, Plaintiffs attempted to serve Emanuel at his home with a subpoena to appear at trial. On January 23, 2026, the City informed Plaintiffs that if Emanuel's testimony was ordered that the City "will accept service of a subpoena on their behalf and facilitate [his] appearance for trial." ECF No. 568-1 at 3. The Court held the third pretrial conference in this matter on January 28, 2026. At the hearing, which addressed Defendants' motion to bar Emanuel from being called to testify since he was never disclosed as a witness in discovery, the Court determined that it would not bar Emanuel from being called, but that the specific statements at issue were not clear and needed to be determined. ECF No. 568-3 at 27:4-11; ECF No. 566 at 2. Furthermore, the City agreed that since Emanuel is being called in his official capacity, a subpoena was not needed. ECF No. 568-3 at 49:7-11. However, the City also raised the issue that Emanuel's schedule will require flexibility and that the City was certain that Emanuel was not available to testify February 6th through February 12th. ECF No. 562 at 5-7; ECF No. 568-3 at 48:7-49:11. This was in keeping with the Court's ruling requiring the parties be flexible in working with witnesses' schedules to ensure the trial continues to run efficiently. *See* January 9, 2026 Transcript of Proceedings Before the Honorable John J. Tharp, Jr., attached as Exhibit B at 83:14-84:17.

On January 29, 2026, Plaintiffs emailed counsel for the City and attached the trial subpoena for Emanuel to testify on February 3, 2026. The City, as it agreed to do numerous times, provided the subpoena to Emanuel's counsel to facilitate service. Emanuel's counsel responded on January 30, 2026, and informed Plaintiffs he needed to speak with his client. ECF

no. 568-4 at 2 of 8. However, Plaintiffs fail to explain that Emanuel's counsel also responded at 8:26 a.m., accepting service of the subpoena, which Plaintiffs acknowledged at 8:31 a.m. (about an hour before filing their motion to compel and for sanctions.) *See* Email Chain, attached as Exhibit C at 1-3. Therefore, service for Emanuel is complete and not at issue.

Furthermore, prior to filing their motion, Plaintiffs failed to communicate with Defendants regarding a motion that seeks sanctions. There has been no conversation, email, or phone call between the parties to determine whether the parties are at an impasse, what harm Plaintiffs claim, or what sanctions Plaintiffs seek. At no point has the City refused to produce Emanuel. At no point has the City confirmed the date Emanuel is available to testify. At no point has the City made a misrepresentation to Plaintiffs. Plaintiffs motion should be denied.

## **ARGUMENT**

Plaintiffs' motion is premature, unnecessary, and fails to identify that sanctions are warranted. This Court should deny Plaintiffs' motion on three grounds. First, the City has been clear throughout this process that it will facilitate Emanuel's appearance should he be ordered to testify. Second, Plaintiffs fail to show any harm or prejudice to them. Third, Plaintiffs fail to identify what specific sanctions are sought or appropriate.

First, Plaintiffs motion seeks to paint a picture of gamesmanship that simply is not supported by the facts. The City has maintained a constant position from January 23, 2026 through today, that if Emanuel is required to testify, then the City would facilitate service and his appearance. The City has done just that. Emanuel's counsel accepted a subpoena to testify on January 30, 2026 via email, an hour before Plaintiffs filed their motion to compel and for sanctions. No one ever represented to Plaintiffs that Emanuel is available to testify on February 3, 2026. The City raised the issue that it knew Emanuel was not available the second week of

3

trial and Plaintiffs' counsel explained they wanted Emanuel to testify the first week of trial. Therefore, the records are clear that the City has continued to fulfill its obligations and work to facilitate Emanuel's appearance at trial.

Second, Plaintiffs fail to show that they are harmed by the City's actions or by Emanuel's unavailability to testify on February 3, 2026. There are over 100 witnesses listed for this trial and the Court has required the parties to work with the witnesses' schedules to ensure the trial moves along efficiently. Plaintiffs provide no reason why Emanuel's testimony should be treated any differently. Plaintiffs fail to make any substantive or persuasive argument that they will be harmed if Emanuel does not testify specifically on February 3, 2026. Therefore, Plaintiffs' motion is premature and unsupported as Plaintiffs failed to show that they have experienced any prejudice regarding Emanuel's testimony.

Lastly, Plaintiffs failed to follow the spirit of the local rules regarding disputes and failed to show that sanctions are appropriate. Specifically, Plaintiffs knew before filing their motion that Emanuel's counsel accepted the trial subpoena. But Plaintiffs never contacted Defendants to discuss the issue. Plaintiffs fail to show the parties are at an impasse that requires Court intervention. Yet, Plaintiffs seek sanctions for the perceived prejudice and harm. But Plaintiffs fail to provide any specifics as to what those sanctions are. There is no specific request for costs Plaintiffs incurred or a specific evidentiary ruling Plaintiffs seek. Therefore, Plaintiffs fail to meet their burden to show that sanctions are appropriate in this matter and Plaintiffs' motion should be denied.

**CONCLUSION**

Plaintiffs' motion seeks a remedy for a problem that does not exist. Emanuel has been served and his limited testimony has been ordered. ECF No. 566. Plaintiffs' motion should be denied for three reasons. First, it is unwarranted and does not accurately recount the facts or circumstances regarding Emanuel's testimony. Second, it is unnecessary as Plaintiffs fail to show any harm or prejudice. Third, Plaintiffs failed to comply with local rules, reach an impasse, or elicit any specific sanctions that are warranted or appropriate. Therefore, Plaintiffs' motion should be denied and this Court should grant any other relief it deems appropriate and just.

> Respectfully submitted,
>
> CITY OF CHICAGO,
>
> By: /s/ *Maxwell Evan Lisy*
> Assistant Corporation Counsel Supervisor

Marion C. Moore, Chief Assistant Corporation Counsel
Raoul Vertick Mowatt, Assistant Corporation Counsel Supervisor
Maxwell Evan Lisy, Assistant Corporation Counsel Supervisor
Simerdeep Kauer, Assistant Corporation Counsel
City of Chicago, Department of Law
2 N. LaSalle Street, Suite 420
Chicago, Illinois 60602
312.744.5170 (Moore)
**Counsel for Defendant City of Chicago**